# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1458V
Filed: October 4, 2017
UNPUBLISHED

| | |
|---|---|
| DENISE GORING,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU); Motion for Summary Judgment; Influenza (Flu) Vaccine; Tetanus diphtheria acellular-pertussis (Tdap) Vaccine; Shingles (Zoster) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Isaiah R. Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Voris E. Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT[1]

**Dorsey**, Chief Special Master:

**I. Relevant Background**

On November 4, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine, a tetanus-diphtheria acellular-pertussis ("Tdap") vaccine, and a shingles ("Zoster") vaccine.[3] Petition at 1-5.

---

[1] Because this order contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Zoster vaccine is not covered under the Vaccine Act.

The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

The initial status conference was held on January 10, 2017, after which respondent was ordered to file a status report regarding the completeness of the records, and if possible, his litigation position in this case. Sched. Order, issued Jan. 10, 2017, ECF No. 11.

On February 24, 2017, respondent timely filed a status report stating that he had completed a review of the submitted materials and identified certain missing records, which were pertinent to determining his position in the case. Status Report, filed Feb. 24, 2017, ECF No. 13.

That same day, petitioner filed a status report addressing each of respondent's requests, stating that the records either did not exist or had already been filed. The status report also stated that petitioner had sent respondent a demand to initiate settlement discussions. Status Report, filed Feb. 24, 2017, ECF No. 14.

Respondent requested a brief period to look again at the medical records in view of petitioner's statements, and to thereafter file a status report proposing possible next steps. Sched. Order, issued Feb. 27, 2017, ECF No. 15.

On March 14, 2017, respondent filed a status report stating that he still had questions about the explanations petitioner provided for some of the missing records, but was willing to consider petitioner's settlement demand based on the current record. Respondent reserved the right to revisit the issue of the missing records in the event the parties failed to reach an agreement. Status Report, filed Mar. 14, 2017, ECF No. 16.

On July 20, 2017, after a period of settlement discussions, petitioner filed a status report stating that the parties had been unable to resolve the matter informally, and requesting a deadline be set for respondent to file a Rule 4(c) Report. Petitioner stated that she intended, in the interim, to pursue additional evidence on the specific factual issues raised by respondent during the parties' negotiations. Status Report, filed July 20, 2017, ECF No. 25.

On August 10, 2017, respondent filed his Rule 4(c) Report recommending entitlement be denied. Rule 4(c) Report ("Report"), filed Aug. 10, 2017, ECF No. 29. Respondent found petitioner's claim problematic in several respects, and raised at least two factual issues: the injection site of each vaccine, and the onset of petitioner's pain. Respondent also identified a possible alternative cause. Report at 8-9.

On August 28, 2017, petitioner filed her motion for summary judgment.[4] Motion for Summary Judgment, filed Aug. 28, 2017, ECF No. 30. A response and reply were

---

[4] Due to petitioner's motion, a status conference scheduled for that same day to discuss possible next steps was cancelled.

2

filed in due course.  Response, filed Aug. 30, 2017, ECF No. 31; Reply, filed Sept. 4, 2017, ECF No. 32.

## II.   Applicable Law and Discussion

Under Vaccine Rule 8(d), a special master "may decide a case on the basis of written submissions without conducting an evidentiary hearing.  Submissions may include a motion for summary judgment, in which event the procedures set forth in RCFC 56 will apply."  Under Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), "[s]ummary judgment is appropriate only when the pleadings raise no genuine dispute as to any material fact and as a matter of law the movant is entitled to judgment." *Dolney v. Sec' y of Health & Human Servs.*, 23 Cl. Ct. 337, 344 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)), *aff'd*, 950 F.2d 720 (per curiam).  "The moving party bears the burden of demonstrating an absence of evidence that may support any genuine issue of material fact."  *Id.* (citations omitted). "There is no genuine issue of material fact where the evidence presented is insufficient to permit a reasonable factfinder to find in favor of the nonmoving party." *Jay v. Se c' y of Health & Human Servs.*, 998 F.2d 979, 982-83 (Fed. Cir. 1992) (citing *Anderson*, 477 U.S. at 249).

The undersigned has reviewed petitioner's motion for summary judgment, as well as the response and reply, and all of the evidence filed to date.  The undersigned fully agrees with respondent that there are genuine issues of material fact, including whether petitioner received a covered vaccine in her left shoulder; the onset of her symptoms; and how her lipoma is related to her symptoms, if at all.  Petitioner's arguments, most of which are policy-oriented, are neither amenable to summary judgment nor relevant to the undersigned's determination of whether petitioner is entitled to vaccine injury compensation.  Petitioner's *res ipsa loquitur* argument concerning the vaccine record is also not appropriate for summary judgment.

## III.  Conclusion

Because there are genuine issues of material fact in this case, petitioner's motion for summary judgment is **DENIED.**

A separate scheduling order will follow.

**IT IS SO ORDERED.**

              **s/Nora Beth Dorsey**
              Nora Beth Dorsey
              Chief Special Master